UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BRUNO,

                Plaintiff,

-against-

JOHN T. CONROY, State Trooper;
DONALDA GILLIES, Legal Aid,

                Defendants.

21-CV-2987 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Bruno brings this complaint against State Trooper John T. Conroy and Legal Aid attorney Donalda Gillies, seeking to challenge his April 15. 2018 arrest and his subsequent conviction. Plaintiff alleges the following facts in his complaint. On April 15, 2018, Plaintiff was driving his vehicle, but he pulled the car over and parked because he wasn't feeling well. Plaintiff sat on a bench at a gas station, called his wife and informed her that he wasn't feeling well, and asked her to come and get him because he didn't want to drive. While he was waiting for his wife, Defendant Conroy arrived, asked Plaintiff his name, and began to search him. Plaintiff challenged Defendant Conroy's right to search him, but Defendant Conroy told Plaintiff that he had a right to search him because he received a complaint about a disoriented man. Defendant Conroy found Plaintiff to be in possession of drugs and arrested him. Plaintiff was detained for one week and then released.

Plaintiff made several appearances in court to answer the charges. He asserts that his attorney, Defendant Gillies, lied and misled him and failed to adequately represent him. Plaintiff presented proof of the medication he was taking at the time of his arrest and the medication side effects, but Defendant Gillies would not consider Plaintiff's proof or present it to the court. On the day that Plaintiff entered a plea of guilty, he and his wife were in a room at the back of the courtroom to conference the case with Defendant Gillies. Plaintiff excused himself and went to the bathroom. When he returned, Plaintiff observed that his wife was very upset and learned that she was upset because Defendant Gillies told her that Plaintiff would be sentenced to 15 to 25 years to life if he didn't take a plea. Because his wife was extremely upset, Plaintiff became upset and wasn't thinking clearly, so he pleaded guilty.

Plaintiff attached to his complaint documentation from the Deerpark Town Court dated September 18, 2018, showing that Plaintiff pleaded guilty to operating a motor vehicle while under the influence of drugs and to criminal possession of a controlled substance in the seventh degree. (ECF No. 2 at 12.) Upon Plaintiff's plea of guilty to the charges, the Deerpark Town Court imposed fines and surcharges in the total amount of $1,605.00. (*Id.*)

Plaintiff asserts that he was arrested illegally and seeks to have the case dismissed or overturned. He also seeks monetary damages in the amount of $75,000.

## DISCUSSION

Because Plaintiff was convicted and because he does not allege that the conviction was reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's section 1983 claim that he was falsely arrested and wrongfully convicted. Plaintiff's claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.").

Because success on Plaintiff's section 1983 claims would necessarily imply the invalidity of his conviction, and because Plaintiff has not alleged that his conviction was overturned or otherwise invalidated, *Heck*'s favorable termination rule bars his claims. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983 claims that he was falsely arrested and wrongfully convicted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 23, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge